# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-930V
UNPUBLISHED

| | |
|---|---|
| DONNA CARMICHAEL,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 10, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Randall G. Knutson*, Knutson & Casey Law Firm, Mankato, MN, for petitioner.

*Linda Sara Renzi*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On June 28, 2018, Donna Carmichael filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain Barre Syndrome (GBS) after receiving an influenza vaccination on October 16, 2016. Petition at 1. Petitioner further alleges she received the vaccination in the United States, experienced symptoms of GBS more than three days after, and within six weeks of vaccination, she suffered the residual effects or complications of her illness for more than six months. Petition at 1, 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 10, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On September 3, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 1-2.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $539,812.21, representing compensation for life care expenses expected to be incurred during the first year after judgment ($7,201.51), lost earnings ($338,447.64),  pain and suffering ($150,000.00), and past unreimbursable expenses ($44,163.06), in the form of a check payable to Petitioner, Donna Carmichael.**

2. **A lump sum payment of $59,595.99, representing compensation for satisfaction of a Texas Medicaid & Healthcare Partnership Medicaid lien, payable jointly to Petitioner and TMHP-Medicaid, and mailed to:**

   TMHP TPL-Tort Department
   Attn: Tort Receivables
   P.O. Box 202948
   Austin, TX 78720-2948
   Client ID: 513541157
   TMHP Case Number: 223082946280818

3. **An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, beginning with compensation for Year Two (on the first anniversary of the date of the judgment) and all subsequent years, paid to the life insurance company from which the annuity will be purchased.**

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DONNA CARMICHAEL,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | **No. 18-930V (ECF)**<br>**Chief Special Master Corcoran** |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 28, 2018, Donna Carmichael ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on October 17, 2016. Petition at 1. On May 17, 2019, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner suffered the Table injury of GBS following a flu vaccine within the Table time period, and is entitled to compensation. On June 10, 2019, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF 22; ECF 24.

**I.   Items of Compensation**

      A.   Life Care Items

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CLCP, and petitioner engaged Amy MacKenzie, PhD, RN, CLCP, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in the

1

life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Donna Carmichael, attached hereto as Tab A.[1] Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

B.   Lost Earnings

The parties agree that based upon the evidence of record, Donna Carmichael has suffered past loss of earnings and will suffer a loss of earnings in the future.  Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Donna Carmichael's lost earnings is $338,447.64. Petitioner agrees.

C.   Pain and Suffering

Respondent proffers that petitioner should be awarded $150,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $44,163.06.  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

E.     Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy a lien in the amount of $59,595.99, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Texas Medicaid & Healthcare Partnership may have against any individual as a result of any Medicaid payments the Texas Medicaid & Healthcare Partnership has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine related injury suffered on or about October 17, 2016, under Title XIX of the Social Security Act.

## II.    Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $539,812.21, representing compensation for life care expenses expected to be incurred during the first year after judgment ($7,201.51), lost earnings ($338,447.64), pain and suffering ($150,000.00), and past unreimbursable expenses ($44,163.06), in the form of a check payable to petitioner, Donna Carmichael.

B. A lump sum payment of $59,595.99, representing compensation for satisfaction of a Texas Medicaid & Healthcare Partnership Medicaid lien, payable jointly to petitioner and TMHP-Medicaid, and mailed to:

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

TMHP TPL-Tort Department
Attn: Tort Receivables
P.O. Box 202948
Austin, TX 78720-2948
Client ID: 513541157
TMHP Case Number: 223082946280818

Petitioner agrees to endorse this payment to TMHP-Medicaid.

     C. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Donna Carmichael, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly,

---

    [3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

    [4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

        a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

        b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

        c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

        d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

    [5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

4

quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Donna Carmichael, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Donna Carmichael's death.

3. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III. Summary of Recommended Payments Following Judgment**

    A. Lump Sum paid to petitioner, Donna Carmichael: **$539,812.21**

    B. Medicaid lien: **$ 59,595.99**

    C. An amount sufficient to purchase the annuity contract described above in section II.C.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Linda S. Renzi
LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel:  (202) 616-4133

Dated:  September 3, 2020

**Appendix A:  Items of Compensation for Donna Carmichael**   Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2020 | Compensation Years 2-11 2021-2030 | Compensation Years 12-15 2031-2034 | Compensation Years 16-Life 2035-Life |
|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% |   | M | 1,735.20 | 1,735.20 | 1,735.20 |   |
| Medicare Part B Deductible | 5% |   |   |   |   |   | 198.00 |
| Medicare Adv | 5% |   |   | 504.00 | 504.00 | 504.00 |   |
| Neurologist | 5% | * |   | 180.00 | 90.00 | 90.00 |   |
| Household Assistance | 4% |   | M | 4,132.96 | 4,132.96 | 4,132.96 | 7,252.55 |
| Gabapentin | 5% | * |   | 67.66 | 67.66 |   |   |
| Heated Socks | 4% |   |   | 50.00 |   |   |   |
| Bathroom Safety Equip | 4% |   |   | 106.45 | 21.29 | 21.29 | 21.29 |
| Life Alert | 4% |   |   | 399.24 | 399.24 | 399.24 | 399.24 |
| Wheeled Walker | 4% | * |   | 26.00 | 5.20 | 5.20 | 5.20 |
| Lost Earnings |   |   |   | 338,447.64 |   |   |   |
| Pain and Suffering |   |   |   | 150,000.00 |   |   |   |
| Past Unreimbursable Expenses |   |   |   | 44,163.06 |   |   |   |
| Medicaid Lien |   |   |   | 59,595.99 |   |   |   |
| Annual Totals |   |   |   | 599,408.20 | 6,955.55 | 6,887.89 | 7,876.28 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($7,201.51), lost earnings ($338,447.64), pain and suffering ($150,000.00), and past unreimbursable expenses ($44,163.06): $539,812.21.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and TMHP-Medicaid, as reimbursement of the state's Medicaid lien: $59,595.99.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.